[No. 1424.]

LEPPEL v. ENGLEKAMP.

PRINCIPAL AND AGENT—HUSBAND AND WIFE.

Where a business was conducted in a wife's name by the husband as general agent and manager, and as such agent he received for collection and collected a note and deposited the money in bank in the name of the wife, she was liable for the money collected, as for money had and received, whether or not the husband's authority as agent included the collection of money in the wife's name.

*Appeal from the County Court of Lake County.*

Mr. WM. HARRISON and Messrs. PHELPS & PENDERY, for appellant.

Mr. T. A. DICKSON, for appellee.

BISSELL, J.

Mrs. Englekamp made an arrangement with B. Leppel through M. Leppel who was Mrs. Leppel's husband, agent, and general manager, to collect from Mrs. Reimer in Iowa, $175. The money was collected and this suit was begun in a justice court to recover it and afterwards by appeal it went to the county court where she had judgment for the balance due, $90.15. The case was tried without a jury. The court found the facts in favor of the appellee, gave judgment accordingly, and B. Leppel appeals.

The facts which the court found being taken as true, there is scarcely a question of law presented or to be determined. There is enough in the record to support the judgment and we shall therefore assume what the court must have found in order to render it. Mrs. Reimer removed from Leadville to Iowa and was Mrs. Englekamp's debtor for about $175. It was subject to some credit but a balance remained unpaid. She went into Mrs. Leppel's business place and made an arrangement to collect the claim. Mrs. Leppel's business was conducted and carried on by her husband as her general agent and manager with full authority to do any and all things at his discretion in its management. It is quite possible that when the nature of the business is regarded and the authority given to the agent considered this would not necessarily include the collection of money for another. The appeal is based on this principle. We do not regard it however as important or controlling because of the circumstances which attended the transaction. When Mrs. Englekamp went to the agent he assumed to do the business. He did it in the name of his principal. Mrs. Leppel was a subscriber to Bradstreet's Agency. For the purposes of economy in the

collection and to procure the information necessary to prose-
cute the claim the agent examined Bradstreet's books, pro-
cured the name of the attorney who represented that agency
in the town in which Mrs. Reimer lived and in B. Leppel's
name and by virtue of her subscription, sent the claim to him
for collection. This reduced the legal fees and secured
prompt and careful attention from the attorney. The attor-
ney collected the claim. He deducted ten per cent commis-
sion, allowed the proper credits and remitted the money from
time to time to B. Leppel in Leadville. The money came in
several drafts. As fast as they arrived they were indorsed in
B. Leppel's name and deposited to her credit in the bank.
The funds were mingled with her own, and she thereupon
became chargeable as for money had and received for Mrs.
Englekamp's benefit. The money was turned over to Mrs.
Englekamp with the exception of the balance which Mrs. Lep-
pel refused to pay. The refusal was based on M. Leppel's
contention that he made the collection although he did it in
the name of his wife, and that when the money was checked
out of the bank in B. Leppel's name, he took the money,
charged it to himself on the books and credited himself with
what he paid to Mrs. Englekamp and appropriated the bal-
ance as his part of the result. It was M. Leppel's conten-
tion that when he took the collection from Mrs. Englekamp
it was agreed between them that he should keep one half of
what was collected as his compensation for his trouble and
the expense in making it. The court found against him on
this theory and evidently concluded that there was no agree-
ment of that sort, and since there was no attempt on the
part of Mrs. Leppel to counterclaim for her services, labor
and expenditures, the court rendered judgment for Mrs.
Englekamp for the sum unpaid. The judgment was right
providing the court found that the agreement on which the
defense relied was not made. In this conclusion the court
was entirely justified because when the first drafts came which
amounted to more than fifty per cent of the total sum, he
turned the money over to Mrs. Englekamp, trusting entirely

to the success of the attorney in collecting the balance for his compensation. Mrs. Englekamp testified that the sums were paid to her by checks drawn in B. Leppel's name which she cashed and appropriated. Of course this was denied by M. Leppel but the court found the facts against him and we must assume this statement to be true. If so, it would appear to be an entire ratification of the transaction. Mrs. Leppel having received the money and paid it out afterwards on her own checks, though drawn by her agent, must be held liable for the unpaid balance as for money had and received.

The judgment is right and must be affirmed.

*Affirmed.*